UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARTHA L. LAFONT and HECTOR LAFONT,

                                 Plaintiffs,                       **MEMORANDUM DECISION**
                                                           **AND ORDER**

        -against-

                                                         21-CV-3739 (JMW)

JANICE V. PHILLIP,

                               Defendant.
----------------------------------------------------------------X

**Peter D. Baron**
532 Broadhollow Rd
Suite 114
Melville, NY 11747
*For Plaintiffs*

**Maureen Quinn**
**Teresa Campano**
McCabe, Collin, McGeough, Fowler, Levine & Nogan
30 Jericho Executive Plaza
Ste 400c
Jericho, NY 11753
*For Defendant*

  **WICKS,** Magistrate Judge:

        Plaintiffs Martha L. Lafont and Hector Lafont commenced this diversity action for personal

injuries and loss of consortium against Defendant Janice V. Phillip arising out of a motor vehicle accident

on September 9, 2019.  (DE 1.)  Before the Court is Defendant's motion to dismiss (DE 17), or in the

alternative, stay the action on the basis that Plaintiffs commenced a New York State Supreme Court

action seeking the same relief under the same fact pattern.  For the reasons that follow, Defendant's

motion to abstain and dismiss the action pursuant to the *Colorado River* doctrine is DENIED, however,

the Court hereby issues a discretionary stay of this action pending resolution of the parallel action in State

Court.

## I.       BACKGROUND

### A.  State Court Procedural History

On March 29, 2021, Plaintiff Martha Lafont filed a Summons and Complaint in Kings County, New York (Index Number 507408/2021), claiming personal injuries arising out of a motor vehicle accident that occurred on September 9, 2019.  (DE 17-3.)  Defendant was a resident of New York State at the time the motor vehicle accident occurred, but later became a resident of Florida when the action was commenced.  (DE 17-6; DE 17-9.)  Plaintiff served Defendant in Florida (DE 17-4) and filed the affidavit of service in the State Court action on May 6, 2021.  (*Id.*)  Defendant served its answer in the State Court action on June 10, 2021.  (DE 17-5.)  On June 17, 2021, Defendant moved to change venue from Kings County to Suffolk County, where the accident occurred.  (DE 17-7; DE 17-8.)  The motion to change venue in the State Court action remains pending.[1]  (DE 17-2; DE 18.)

### B.  Federal Court Procedural History

Plaintiffs filed the instant action on July 2, 2021, claiming personal injuries and loss of consortium resulting from the same motor vehicle accident on September 9, 2019.  (DE 1.)  Plaintiffs requested Defendant's prior attorney to execute a stipulation of dismissal of the earlier filed State Court action, but counsel would not consent.  (DE 18 at p. 3.)  Defendant answered on August 2, 2021.  (DE 9.)  Plaintiff sent Defense counsel another stipulation to discontinue the State Action without prejudice, but it was not executed.  (DE 18 at p. 3.)  On November 11, 2021, pursuant to 28 U.S.C. § 636(c) and Fed R. Civ. P. 73, the parties consented to the undersigned to conduct all proceedings in this action and to order the entry of a final judgment.  (DE 13.)  On November 13, 2021, Plaintiffs filed a pre-motion letter requesting a conference regarding the anticipated motion to dismiss.  (DE 15.)  The undersigned held a pre-motion conference on November 15, 2021, and a briefing schedule was issued for the subject motion.  (DE 16.)  Defendant's fully briefed motion to dismiss is now before the Court.  (DE 17; DE 18; DE 20.)

---

[1] Pursuant to New York practice, Plaintiff could have voluntarily discontinued the State Court action before Defendant served a responsive pleading, but did not do so.  *See* N.Y. C.P.L.R. § 3217.

Defendant argues that Plaintiffs' Complaint should be dismissed based on the prior action pending doctrine, since Plaintiff filed an earlier action in State Court regarding the same fact pattern.  (DE 17-2 at 2-3.)  Alternatively, Defendant argues that the Court should dismiss or stay this action pursuant to the six-factor test set forth under the *Colorado River* doctrine, which federal district courts use to determine whether abstention is appropriate in light of a parallel pending state lawsuit.  (*Id.* at 3.)  Plaintiffs contend that the prior action pending doctrine is inapplicable since the cases are not both in federal court.  (DE 18-3 at 1-2.)  Plaintiffs further argue that weighing the six factors under *Colorado River*, Defendant has failed to establish exceptional circumstances warranting the Court to refrain from exercising jurisdiction by either dismissing or staying the case.  (*Id.* at 2.)

## II.        DISCUSSION

### A.  The Prior Pending Action Doctrine

"The general rule among federal district courts is to avoid duplicative litigation . . . [so] when a party files a suit related to a previously-pending suit, the Court looks to the 'prior pending action doctrine' to determine whether the subsequent action should . . . be stayed, or be dismissed."  *Lexico Enters., Inc. v. Cumberland Farms, Inc.*, 686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010).  Courts stay or dismiss subsequent suits that duplicate claims pending before another court, except if convenience or special circumstances gives priority to the later suit.  *Id.*  (citations omitted).  Although Defendant cites to a single outlier case,[2] Courts in this Circuit consistently hold that the prior pending action doctrine is limited to scenarios where the lawsuits are both pending in federal court.  *WindServe Marine, LLC v. US Workboats, LLC*, 20-cv-532 (ENV) (RLM), 2021 WL 5749827, at *4 n.4 (E.D.N.Y. Apr. 16, 2021) (differentiating between the prior pending action doctrine analysis and the *Colorado River* abstention analysis, as the former considers staying/dismissing a suit in federal court that is duplicative of another federal court suit, and the latter applies to scenarios where one case is in federal court and one case is in state court); *Simmons v. Reich*,

---

[2] *Taylor v. Rell*, No. 3:05CV196(DJS)., 2005 WL 2807223 (D. Conn. Oct. 24, 2005).

19-CV-3316(EK)(ST), 2020 WL 7024345, at *6 n.8 (E.D.N.Y. Nov. 30, 2020) (same) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Williams v. Bayview Loan Servicing, LLC*, 14-CV-7427 (KAM) (LB), 2016 WL 8711209, at *3 (E.D.N.Y. Jan. 22, 2016); *Sylvester v. Bayview Loan Servicing LLC*, 15-CV-1736 (JPO), 2016 WL 3566234, at *6 (S.D.N.Y. June 24, 2016) ("The prior pending action doctrine prevents two courts from adjudicating duplicative claims, but it applies only between two overlapping federal suits . . .").  A Court may stay or dismiss an action when a prior action is pending if the controlling issues in one action will also be determined in the other action.  5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3d ed. 2022) (citing *Gentes v. Osten*, No. 20-cv-01049 (VLB), 2021 WL 317052, at *13 (D. Conn. July 27, 2021) for the notion that dismissal or staying an action based on the prior pending action doctrine applies "*only* when both cases are brought in federal district courts." (emphasis in original)).  Accordingly, because Plaintiffs' first action was filed in State Court, Defendant's motion to dismiss this federal action based on the prior action pending doctrine is denied.  That, however, does not end the inquiry.

### B.  Abstention Pursuant to *Colorado River*

Alternatively, Defendant argues that this matter should be dismissed, or at a minimum stayed, pursuant to the *Colorado River* doctrine (DE 17-2 at p. 3), where under "'exceptional circumstances,' a federal court may abstain from exercising jurisdiction when a parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial resources."  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regul. Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813, 817-18 (1976)).  Such "[a]bstention is an extraordinary and narrow exception to a federal court's duty to exercise its jurisdiction."  *Goldentree Asset Mgmt., L.P. v. Longaberger Co.*, 448 F. Supp. 2d 589, 593 (S.D.N.Y. Sep. 15, 2006) (alteration in original) (quoting *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 101 (2d Cir. 1999)).

> Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . . This difference in general approach between state-federal

> concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.

*Woodford v. Cmty. Agency of Green Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (alteration omitted) (quoting *Colorado River*, 424 U.S. at 817).  Courts weigh six factors in determining whether "exceptional circumstances" exist for abstaining when a party files parallel actions in state court and federal court: (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) the relative convenience of the forums; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.  *Id.* (quoting *Colorado River*, 424 U.S. at 813, 817) (additional citations omitted).  "No single factor is determinative, and the decision whether to abstain is left to the trial court's sound discretion."  *Ferolito v. Menashi*, 918 F. Supp. 2d 136, 142 (E.D.N.Y. Jan. 15, 2013) (citations omitted).  The burden of persuasion rests on the party *opposing* the exercise of federal jurisdiction.  *Arkwright-Boston Mfrs. Mutual Ins. Co. v. City of N.Y.*, 762 F.2d 205, 210 (2d Cir. 1985).

Before deciding whether abstention under the *Colorado River* doctrine is appropriate, "a district court must first determine whether the federal and state court cases are parallel."  *Imbedded Artists Inc. v. Kinchen*, 20-CV-3535 (LDH)(RLM), 2022 WL 356429, at *3 (E.D.N.Y. Feb. 7, 2022) (citations omitted).  "Suits are parallel when substantially the same parties are contemporaneously litigating the same issue in another forum."  *Id.* (citation omitted).  Here, Plaintiff Martha L. Lafont's causes of action in this action are identical to the causes of action in the State Court action.  In the State Court action, Plaintiff alleges that Defendant's negligence caused the subject motor vehicle accident on September 9, 2019, causing her to sustain serious injuries.  (DE 17-3.)  In this action, Plaintiffs also allege that Defendant's negligence caused the same exact motor vehicle accident on September 9, 2019, causing Plaintiff Martha L. Lafont to sustain serious injuries.  (DE 1.)  Although Hector Lafont is not a named Plaintiff in the State Action and Plaintiffs do not acknowledge, let alone explain, why a loss of consortium claim was not filed in the State

Action, this does not bar finding that the two actions are parallel.  *See Phillips v. Citibank*, N.A., 252 F. Supp. 3d 289, 295 (S.D.N.Y. 2017) ("Perfect symmetry of parties and issues is not required for the federal and state proceedings to be considered parallel . . . [ra]ather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." (internal quotation marks and citations omitted) (alteration added)).  "A cause of action for loss of consortium cannot exist independent of a viable claim for the spouse's injuries."  *See Narumanchi v. Foster*, No. 02-CV-6553 (JFB)(LB)., 2006 WL 2844184, at *4-5 (E.D.N.Y. Sep. 29, 2006) (finding in motor vehicle case that because a jury found against plaintiff on causation in a related case, collateral estoppel prevented plaintiff from re-litigating claim, including new claim for spouse's alleged loss of consortium).  Otherwise parties could avoid abstention under *Colorado River* by simply naming additional parties in one action.  *Phillips*, 252 F. Supp. at 298.  The actions are therefore parallel for purposes of considering whether to abstain pursuant to *Colorado River*.  *See Stahl York Ave. Co., LLC v. City of N.Y.*, No. 14 Civ. 7665(ER)., 2015 WL 2445071, at *9 (S.D.N.Y. May 21, 2015) ("[P]arallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case") (emphasis in original) (internal quotation marks and citation omitted).  Against this backdrop, the Court considers the six factors to determine whether there are sufficient grounds for dismissal or a stay of the Federal Action.  Additionally, the Court considers an additional factor that some courts have found may influence the decision of whether to exercise abstention: whether the action is vexatious in nature.

i.      **Exercise of Jurisdiction Over a Res or Property**

The first factor to consider is whether either the state or federal court has assumed jurisdiction over any res or property.  If no res or property is at issue, this factor "point[s] toward [the] exercise of federal jurisdiction."  *Imbedded Artists*, 2022 WL 356429, at *5 (alterations in original) (citations omitted); *see also Mazuma Holding Corp. v. Bethke,* 1 F. Supp. 3d 6, 23 (E.D.N.Y. 2014) (holding absence of state or federal court having jurisdiction over any res or property in case weighed "slightly" against abstention). Because the balance of the factors is heavily weighted toward the exercise of

jurisdiction, facial neutrality "is a basis for retaining jurisdiction, not for yielding it." *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citations omitted). Here, as noted by Defendant and Plaintiffs, no Court has assumed jurisdiction over any res or property. (DE 17-2 at p. 5; DE 18-3 at p. 3.) Thus, this factor weighs against abstention. *See Vill. of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (holding that absence of a res weighs against staying case pursuant to *Colorado River* doctrine).

### ii.      Convenience of the Fora

The next factor is whether the federal forum is less inconvenient than the state forum for the parties.  "[W]here the federal court is just as convenient as the state court, that factor favors retention of the case in federal court." *Woodford*, 239 F.3d at 523 (quoting *Vill. of Westfield*, 170 F.3d at 122).  This action involves a motor vehicle accident that occurred in Suffolk County, New York and Defendant has moved in the State Action to change venue from Kings County to Suffolk County.  (DE 18-3 at p. 4.) Plaintiffs do not plan to oppose the motion and thus, the parties agree that there is *no* difference in convenience between litigating in Central Islip, New York for the Federal Action, as opposed to Riverhead, New York for the State Action.  (DE 17-2 at p. 5; DE 18-3 at p. 4.)  Therefore, this factor also favors retention of jurisdiction.  *See Ferolito*, 918 F. Supp. 2d at 143 ("Where . . . the federal court is just as convenient as the state court, this factor is substantially neutral and favors the retention of federal jurisdiction") (citation omitted); *Woodford*, 239 F.3d at 23 ("[T]he absence of a res and the equivalent convenience of the federal forum are factors that favor retention of jurisdiction").

### iii.      The Order in Which Jurisdiction Was Obtained

The order in which jurisdiction was obtained does not solely depend on the dates when each action was filed, but rather the progress of the cases. *See Ferolito*, 918 F. Supp. 2d at 143 (finding State action had made considerably more progress than Federal action because the subject motion was the only substantial proceeding in the Federal action).  The "[d]ecision [regarding the order in which jurisdiction was obtained] does not rest on a race to the courthouse.  Instead, this factor is considered in a common-sense manner by examining how much progress has been made in each forum." *Arkwright-Boston*, 762

F.2d 205, 211.  Where neither case is "significantly advanced," this factor weighs in favor of the exercise of federal jurisdiction.  *See Imbedded Artists Inc.*, 2022 WL 356429, at *5.

Here, Plaintiff, noting that the motion to change venue in the State Court action is still pending, argues that the parties in this action have already appeared before the undersigned for two conferences and that because the Court is familiar with the facts of the case, this factor warrants abstention.  (DE 18-3 at p. 6.)   Defendant argues that the reason discovery has not progressed in the State Court action is because of Plaintiff's own failure to timely respond to Defendant's demands, repeated requests for conference adjournments, and delays in responding to the motion to change venue.  (DE 20 at p. 3.)  Defendant contends that Plaintiffs cannot now use their own delay in the State Action as a sword to argue that the State Action has not progressed.[3]  (*Id.*)  While an initial scheduling Order was issued in this case (DE 12), neither party discusses the extent of discovery that has actually been completed in either action, if any.  In reality, this case is in its infancy in both courts and thus, because neither case is significantly advanced, this factor weighs against abstention.  *See Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 829 F. Supp. 2d 82, 87 (E.D.N.Y. July 22, 2019) (finding this factor to be neutral since both cases were still in the discovery phase and it was "not obvious which case is further along in that process," and that such facial neutrality was a basis for retaining jurisdiction rather than yielding it); *Tarka v. Greenfield Stein & Senior, LLP*, No. 00 Civ. 1262(SAS)., 2000 WL 1121557, at *6 (S.D.N.Y. Aug. 8, 2000) (finding that case had not progressed in either forum, weighing against abstention, where the only progress in the federal case was the subject motion to dismiss and defendants had filed a motion to transfer in the state case).

### iv.    Avoidance of Piecemeal Litigation

When weighing whether dismissing the federal action would prevent piecemeal litigation, "the 'mere potential for conflict in the results of the adjudications, does not, without more, warrant staying [the] exercise of federal jurisdiction.'" *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors,*

---

[3] As of the date Defendant's motion to dismiss was fully submitted, the motion to change venue in the State Action remained pending.  (DE 17-2; DE 18.)

*Inc.*, 862 F. Supp. 2d 170, 188 (E.D.N.Y. 2012) (quoting *Colorado River*, 424 U.S. at 816) (latter alteration in original). This is because any case with parallel proceedings poses a potential risk to duplicative proceedings. *Zeppelin Sys. USA, Inc. v. Pyrolyx USA Ind., LLC*, No. 19-cv-11222, 2020 WL 1082774, at *7 (S.D.N.Y. Mar. 5, 2020). In weighing this factor, Courts strongly consider whether resolution in one forum would resolve the claims for all parties, and will lean toward abstention when the parties to the state and federal actions are not identical so as to avoid the chance that parties not bound by the prior judgment may cause inconsistent judgments in later lawsuits. *Mazuma*, 1 F. Supp. 3d at 26. Abstention to avoid piecemeal litigation is primarily exercised when the lawsuits pose "a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford*, 239 F.3d at 524. Indeed, when "both proceedings involve the same dispute between the same two parties . . . a decision in one proceeding would generally have preclusive effect in the other . . . [and] this significantly reduces any concern about piecemeal litigation . . . ," weighing only slightly in favor of abstention. *Zeppelin Sys. USA, Inc*., 2020 WL 1082774, at *7 (citation omitted); *First Keystone*, 862 F. Supp. 2d at 189 ("As the Second Circuit has explained: [T]he primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by . . . res judicata and collateral estoppel . . . " (quoting *Woodford*, 239 F.3d at 524)); *FaZe Clan Inc. v. Tenney*, 407 F. Supp. 3d 440, 443 (S.D.N.Y. 2019) ("Because the three proceedings all involve the same dispute between the same two parties, a decision in one proceeding would generally have preclusive effect in the other two, which significantly reduces any concern about piecemeal litigation.").

Nonetheless, under this factor, Courts in this Circuit also consider whether suits arising out of the same set of facts brought in two separate forums would waste judicial resources and result in duplicative efforts. *See Goldentree*, 448 F. Supp. 2d 589, 594 (finding that "existence of nearly identical claims in two different suits results in needless duplication of proceedings and wasting of judicial resources."); *First Keystone*, 862 F. Supp. 2d at 189 ("[W]here, as here, the linchpin of the federal action is the same issue at the core of the state action, there is a strong likelihood of needless duplication of the state

proceeding") (internal quotation marks and citation omitted).  And notably, some Courts have found this factor to favor abstention despite the likelihood that res judicata or collateral estoppel would prevent inconsistent outcomes.  *See Ferolito*, 918 F. Supp. 2d at 143 (finding that avoidance of piecemeal litigation weighed heavily in favor of abstention because the federal and state courts would be considering the same issues, likely hear similar pretrial motions, evidence, and witnesses, and the courts could come to conflicting decisions regarding the same events*); Colony Ins. Co. v. Danica Grp., LLC*, No. 13-CV-1714 (RRM)(MDG)., 2014 WL 4417353, at *7 (E.D.N.Y. Sep. 8, 2014) (holding that even though collateral estoppel would likely prevent inconsistent outcomes, it would be unduly burdensome to force defendant to litigate in both courts at the same time and a waste of judicial resources); *Tarka*, 2000 WL 1121557, at *5 (finding that existence of merely duplicative litigation weighed in favor of abstention even though either action would apparently dispose of all relevant issues, yet noting that this factor alone was not determinative (citing *Telesco v. Telesco Fuel and Masons' Materials, Inc.*, 765 F.2d 356, 362 (2d Cir. 1985)); *Phillips*, 252 F. Supp. 3d at 299 ("This factor favors abstention even where the actions are merely duplicative, such that the availability of res judicata or collateral estoppel would mitigate the risk of inconsistent outcomes") (internal quotation marks and citations omitted).

Here, Defendant argues that there would be piecemeal litigation if two separate lawsuits were permitted to proceed because the cases involve the same parties, the same facts, and the same alleged damages.  (DE 17-2 at p. 5.)  Plaintiffs contend that because the police report identifies a contributing factor of the accident as Defendant's "Unsafe Lane Changing," liability is clear, and therefore, this is a straightforward case with no risk of inconsistent judgments.  (*Id.* DE 18-3 at 5, citing Ex. D.)

While cases like this, involving the same parties, facts, and alleged damages,[4] do not pose the type of risk of inconsistent outcomes that res judicata or collateral estoppel prevent, the Court finds that

---

[4] As noted, Plaintiffs nor Defendant acknowledge that Plaintiff's husband is only a named party in this action, in which he alleges a separate loss of consortium claim.  Nonetheless, as discussed *supra*, the Court notes that a separate loss of consortium claim is not the type of claim that poses a risk of inconsistent judgments because such a cause of action is not an independent claim, and collateral estoppel would prevent re-litigation of the claim.  *Narumanchi v. Foster*, 2006 WL 2844184, at *4-5.

there is still a strong likelihood of duplication of efforts, which points toward abstention.  *See Tarka*, 2000 WL 1121557, at *5 (acknowledging that the distinction between duplicative litigation and piecemeal litigation is that the latter is a product of additional parties, but finding that plaintiff's lawsuits, which raised the same issues against the same parties, still weighed in favor of abstention because the suits were essentially identical).

### v.        Whether State or Federal Law Provides the Applicable Law

The fifth factor considers "whether state or federal law provides the rule of decision on the merits." *Vill. of Westfield*, 170 F.3d 116, 123.  "When the applicable substantive law is federal, abstention is disfavored, though the inverse proposition will not alone support a surrender of federal jurisdiction." *De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989).  As noted by Defendant and conceded by Plaintiffs, New York law governs this case arising out of a motor vehicle accident in New York State.  (DE 17-2 at p. 5; DE 18-3 at 7.)  Thus, this factor weighs in favor of abstention, albeit slightly.  *See First Keystone*, 862 F. Supp. 2d 170, 193 (noting that all diversity suits pertain to state law issues and unless the state law issues are novel or particularly complex, the factor does not weigh heavily in favor of surrendering jurisdiction) (citations omitted); *Ferolito*, 918 F. Supp. 2d at 143 (same); *Vill. of Westfield*, 170 F.3d at 124 (finding that "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex"); *compare to Henvill v. Metro. Transp. Auth.*, 13 Civ. 7501 (GBD), 2016 WL 519039, at *4 (S.D.N.Y. Feb. 5, 2016) (factor weighed in favor of exercising jurisdiction because federal law clearly provided the rule of decision).

### vi.        The Ability of the State Court to Protect the Plaintiffs' Rights

"In analyzing the sixth factor in the special circumstances test, federal courts are to determine whether the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Vill. of Westfield*, 170 F.3d at 124 (internal quotation marks and citation omitted).  Here, because Plaintiffs only raise state law claims, it is clear that the state court can adequately protect Plaintiffs' rights.  *See Ferolito*, 918 F. Supp.2d at 144 (holding that state court could adequately protect plaintiff's rights because plaintiff only raised state law claims); *First Keystone*,

11

862 F. Supp. 2d at 194 (finding that state court could adequately protect plaintiffs' procedural and substantive rights as plaintiffs did not identify "any conceivable jeopardy or prejudice to their rights" if case was decided in state court*); Great South Bay Med. Care, P.C. v. Allstate Ins. Co.*, 204 F. Supp. 2d 492, 499 (E.D.N.Y. 2022) (finding that plaintiff's rights could be adequately protected by the state court because defamation, a state law claim, could easily and accurately be analyzed by the state court). Accordingly, this factor weighs in favor of abstention.

### vii.    Whether This Action is Vexatious in Nature

While, "the Second Circuit has never formally cited [the vexatious or reactive nature of the action] in its enumeration of the relevant considerations under *Colorado River*," *Iacovacci v. Brevet Holdings, LLC*, 18cv8048, 2019 WL 2992165, at *4 (S.D.N.Y. July 9, 2019) (internal quotation marks and citation omitted), courts "have found that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation." *First Keystone*, 862 F. Supp. 2d at 194 (internal quotation marks and citations omitted). Here, Defendant further argues that Plaintiffs are forum shopping, asserting that Suffolk is known to be more conservative than Kings, which is why Plaintiffs filed the federal action after Defendant filed the motion to change venue. (DE 20 at p. 4.) The Court acknowledges that Plaintiffs filed this action within weeks after Defendant moved to change venue from Kings County to Suffolk County. However, Defendant's suggested inference that Plaintiffs are forum shopping is, in and of itself, not the type of behavior that Courts have found to amount to vexatious in nature. *See Telesco*, 765 F.2d 356, 363 (finding that plaintiff who sued on same cause of action in federal court after suffering some failures in earlier state court action, along with hostile history of case, strongly indicated vexatious nature of litigation); *Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.*, 850 F. Supp. 176, 185 (E.D.N.Y. 1994) (finding that federal case was vexatious, reactive, and duplicative of state case because plaintiff's motivation was highly suspect of using the federal court against defendants as a means of retaliation and harassment); *Mazlin Trading Corp. v. WJ Holding Ltd.*, No. 19 CV 7652-LTS, 2021 WL 1164127, at *6 (S.D.N.Y. Mar. 26, 2021) (finding that federal action was vexatious in nature and suspect of forum shopping because petitioners commenced

12

action after losing motion to dismiss in earlier action in separate forum).  Accordingly, the Court is not persuaded by Defendant's argument that Plaintiffs' claims are vexatious in nature and thus, such contention does not influence the Court's consideration of abstention.

      In analyzing whether abstention is warranted under *Colorado River*, the Court is not to decide whether there is some substantial reason to exercise federal jurisdiction, but instead, to determine if there are exceptional circumstances that justify foregoing federal jurisdiction.  *Shields v. Murdoch*, 891 F. Supp. 2d 567, 585 (S.D.N.Y. Sep. 18, 2012) .  Indeed, "the Supreme Court has cautioned that only the clearest of justifications will warrant dismissal . . . [and] the Court's analysis is heavily weighted in favor of the exercise of jurisdiction."  *Suffolk Fed. Credit Union*, 829 F. Supp. 2d 82, 86 (internal quotation marks and citations omitted).  Here, considering the six factors under the *Colorado River* doctrine, and the lack of vexatiousness, the Court finds that three factors are neutral and thus, weigh against abstention (whether the controversy involves a res over which one of the courts has assumed jurisdiction; whether the federal forum is less inconvenient than the other for the parties; and, the order in which the actions were filed and whether proceedings have advanced more in one forum than in the other), and that three factors weigh in favor of exercising abstention (whether staying or dismissing the federal action will avoid piecemeal litigation; whether federal law provides the rule of decision; and, whether the state procedures are adequate to protect the plaintiff's federal rights).  Accordingly, under the *Colorado River* approach, such circumstances do not support the clear justification necessary for this Court to exercise abstention even though such a decision will result in two courts considering the same action simultaneously.  *See Windward Bora, LLC v. Bank of New York Mellon as Tr. for Certificateholders of Cwalt, Inc. Alternative Loan Tr. 2007-5CB, Mortg. Pass-Through Certificates, Series 2007-5CB*, 19-CV-858 (RPK) (RML), 2020 WL 7042761, at *7 (E.D.N.Y. Nov. 30, 2020) ("Although this approach will undoubtedly result in  two courts considering the same legal issues at the same time, duplicative litigation, by itself, does not justify abstention under *Colorado River*."); *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, No. 14-cv-6566 (RJS)., 2014 WL 7399040, at *6 (S.D.N.Y. Dec. 29, 2014) (holding that when three factors were neutral and three factors weighed toward abstention, "the Court

remains bound by the virtually unflagging obligation to exercise jurisdiction," even though it was a "close call in light of the wholly duplicative nature of the federal-versus-state proceedings") (internal quotation marks and citation omitted).

### C.  Whether a Discretionary Stay is Appropriate

Even if a court does not abstain by dismissal under *Colorado River*, a court may nevertheless exercise its discretion and stay an action pending a state court decision to avoid "wasteful duplication of judicial resources and having the benefits of the state court's views."  *Windward Bora, LLC*, 2020 WL 7042761, at *7 (quoting *Giulini v. Blessing*, 654 F.2c 189, 193 (2d Cir. 1981).  When deciding whether a discretionary stay is warranted, courts weigh:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witnesses; and (7) possibility of prejudice to a party as the result of the stay.

*Chartis Seguros Mex., S.A. de C.V. v. HLI Rail & Rigging, LLC*, 11 Civ. 3238(JSR), 2011 WL 13261595, at *2 (S.D.N.Y. Nov. 3, 2011) (citations omitted) (declining to abstain under *Colorado River* as actions were not parallel, but issuing discretionary stay where two actions involved many identical parties, earlier action's forum was convenient for witnesses, and earlier action was likely to resolve many of the same issues which could wholly resolve the later action).  The Court finds Judge Kovner's approach in *Windward Bora, LLC* sound and particularly instructive, where four of the *Colorado River* factors were found to be neutral, and two of the factors weighed toward abstention, but the Court nonetheless issued a discretionary stay based on comity and judicial efficiency.  *Id.*, 2020 WL 7042761, at *7.  Similarly, here, while abstention is not warranted under *Colorado River*, the Court finds a discretionary stay appropriate, particularly in the interests of comity and judicial economy, and considering that adequate relief is available in State Court, which regularly handles motor vehicle accident litigation under New York State law.  Moreover, the Court does not find that any prejudice would result from a discretionary stay.  Thus, the Court finds it appropriate to exercise its inherent power to issue a discretionary stay of the proceedings in this action, pending the resolution of the parallel State Action.

### III.    CONCLUSION

For the above reasons, Defendant's motion to dismiss is denied on the grounds of the prior action pending doctrine, and denied on the grounds of abstention pursuant to the *Colorado River* doctrine.  In exercising its discretionary powers, the Court deems a discretionary stay of the proceedings is warranted pending the resolution of the parallel State Court proceeding.

Dated:  Central Islip, New York
        June 14, 2022

                              **S O    O R D E R E D:**

                              /S/ *James M. Wicks*
                              JAMES M. WICKS
                              United States Magistrate Judge

15